IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
    Plaintiff-Respondent,

V.                                          CASE NO. 00-CR-253-9-N

MICHAEL CAULFIELD,
    Defendant-Petitioner.

---

**MOTION TO AMEND DEFENDANT-PETITIONER'S
MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE
PURSUANT TO TITLE 28, U.S.C. SECTION 2255**

---

COMES NOW, MICHAEL CAULFIELD, Defendant-Petitioner, hereinafter Petitioner, in the above captioned cause, through pro se representation, and would move the Court for permission to amend his Original Motion to Vacate, Set-Aside or Correct Sentence pursuant to Title 28, U.S.C. Sect. 2255, and would show good cause by the following:

I.

FACTS OF THE CASE

On August 17, 2000, the Petitioner and nine (9) other individuals were indicted and charged in a fifteen (15) count indictment with conspiracy to distribute more than fifty (50) grams of cocaine base, a violation of 21 U.S.C. Sect. 846, distribution of more than five (5) grams but less than fifty (50) grams of cocaine base, a violation of 21 U.S.C. Sect. 841 (a)(1), and use of communication facility, a violation of 21 U.S.C. Sect. 843(b). On August 24, 2000, a superseding indictment was filed naming the Petitioner and eleven (11) other individuals as defendants. In the superseding indictment the Petitioner was charged with conspiracy to possess with intent to

Page 1

___Fee_____
___Process_____
_X_ Dktd_____
_X_ CtRmDep_____
    Doc.No._____

distribute more than fifty (50) grams of cocaine base and more than five-hundred (500) grams but less than five (5) kilograms of cocaine hydrochloride in count one (1), with distribution of more than five (5) grams but less than fifty (50) grams of cocaine base in count four (4) and with use of communication facility in count fourteen (14).

The Petitioner was arraigned on August 25, 2000, and plead not guilty. On August 3, 2001, the redacted superseding indictment was filed charging the Petitioner with conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base and more than five-hundred (500) grams but less than five (5) kilograms of cocaine hydrochloride in count one (1), with distribution of more than five (5) grams but less than fifty (50) grams of cocaine base in count two (2) and with use of communication facility in count three (3).

Trial was held on August 6, 2001 through August 8, 2001. The jury found Petitioner to be guilty of conspiracy to possess with intent to distribute more than five (5) grams but less than fifty (50) grams of cocaine base and more than five-hundred (500) grams but less than five (5) kilograms of cocaine hydrochloride on count one (1). Petitioner was found guilty of distribution of more than five (5) grams but less than fifty (50) grams of cocaine base on count two (2), and on count three (3) use of communication facility.

On November 7, 2001, Petitioner was sentenced to the custody of the Federal Bureau of Prisons (FBOP) for a period of 275 months on count one (1) and two (2), and 48 months on count three (3), all such sentences to run concurrently with each other. Upon release Petitioner will be placed on supervised release for a period of five (5) years on counts one (1) and two (2) and one (1) year on count three (3). The periods of supervised release are to run concurrently. Petitioner filed notice of appeal

on November 19, 2001.

Petitioner filed an appeal with the 5th Circuit on May 16, 2002, through Counselor Bruce Ashley II.

Petitioner's appeal was denied on August 20, 2002, and mandated on September 21, 2002.

Petitioner further had ninety (90) days from September 21, 2002 to file writ of Certiorari to the United States Supreme Court, which would have been until December 21, 2002. Petitioner's Original Sect. 2255 Motion to Vacate, Set-Aside or Correct Sentence is timely filed before the Court with the original being filed within one (1) year of the date of December 21, 2002, while this serving only as an amendment, is thus, timely filed providing this Court grants such Motion to Amend.

This motion to amend follows:

## II.

## ARGUMENT

According to Rule 15 of the Federal Rules of Civil Procedure, ". . . a party may amend the party's pleading only by leave of the court or by written consent by the adverse party; and leave shall be given when justice so requires." Id., at 105 (2004 Revised Edition). Although the first part of the rule requires a party to amend within ten (10) days after the response from the adverse party, the second part (quoted above) gives an avenue for a party to submit an amendment to his pleading, through permission of the court and "when justice so requires," the party may amend at any time before the ruling has been made. Therefore, Petitioner would move this court for leave to amend, and would show good cause by the following:

On June 24, 2004, the United States Supreme Court made a ruling on a case before the bench dealing with enhancements used to increase a defendant's sentence that were not presented to a jury nor plead to, through dealing with the State of Washington sentencing scheme, and decided that this was unconstitutional. See Blakely v. Washington, 124 S.Ct. 2531 (2004).

On January 12, 2005, again, the Supreme Court heard a case dealing with enhancements that were not presented to a jury or plead to by a defendant, this time dealing with the Federal Sentencing Guidelines, and decided that this also was unconstitutional and violated a defendant's Sixth Amendment. See United States v. Booker, 543 U.S. _____, 125 S.Ct. 738 (2005).

Petitioner was found guilty on counts one (1), two (2), and three (3), but when he went before the judge for sentencing, well away from the jury, information was presented and used as enhancements to increase his sentence to include "Obstruction of Justice," and a "Leadership Role," which both were not part of the jury verdict in addition to an erroneous drug calculation and that not being part of the jury verdict as well. The United States Supreme Court has recently ruled this is unconstitutional, and therefore, Petitioner wants to reaffirm his claims raised in his original Sect. 2255 Motion and support said claim with these most recent rulings.

In Booker, supra, the Supreme Court states very clearly that "[a]ny fact (other than prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by a defendant or proved to a jury beyond a reasonable doubt." Id., at _____.

Petitioner in this case asserts the following relative to his unconstitutional enhancements.

A. UNCONSTITUTIONAL ENHANCEMENT RELATIVE TO "OBSTRUCTION OF JUSTICE."

The Petitioner was given a two (2) point enhancement for "Obstruction of Justice" that was never presented to the jury (please see Jury Verdict Forms), nor was ever admitted to by the Petitioner during the course of the proceedings, nonewithstanding the fact, the evidence and testimony, in itself, did not substantiate such a finding, yet Petitioner received an additional two (2) levels in the sentencing guidelines, constituting an unconstitutional enhancement away from the jury, not admitted by the Petitioner, and done solely at the judge's discretion.

B. UNCONSTITUTIONAL ENHANCEMENT RELATIVE TO "LEADERSHIP ROLE."

The Petitioner was given a two (2) point enhancement for a "Leadership Role," (See Sentencing Transcript, page 6, lines 24 and 25; page 7, lines 1 and 2). In fact, testimony given at the trial lacked credibility to substantiate such a role, even that aside, this enhancement itself, was never presented to the jury for a verdict of guilt, and never admitted to by the Petitioner and the judge alone, specified this enhancement at sentencing apart from the jury verdict which increased the defendant by two (2) levels in the sentencing guidelines; therefore, it is an unconstitutional enhancement.

C. UNCONSTITUTIONAL ENHANCEMENT RELATIVE TO THE DRUG COMPUTATION IN DETERMINING SENTENCE APART FROM THE JURY.

Petitioner asserts that this unconstitutional enhancement relative to the drug computation in determining sentence is argued in two positions, both unconstitutional in themselves, and independent of another.

(1) Erroneous "prior trafficking factor."

Page 5

The judge alone, determined at sentencing (please refer to Sentencing Transcript page 7, lines 9 through 14), relative to the finding of the high end of the guideline, ". . ., and I think the Defendant's prior trafficking history, as well as the large amounts of drugs involved in this conspiracy result in a sentence at the high end of the guidelines." Clearly, as a conjunctive premise, this is an incorrect and invalid determination based upon the judge's sole discretion. First, Petitioner did not have a history of trafficking until he was convicted on these charges so to be said he had a "prior trafficking history" it totally erroneous, incorrect, therefore, invalid beyond being an unconstitutional enhancing factor. Second, this was a determination the judge made herself, away from the jury finding, or presentation thereto, nor was it admitted by the Petitioner. Therefore, in the onset, the judge sentenced Petitioner unconstitutionally to the high end of the guidelines near the maximum and is unfounded when the minimum would have been better applied.

(2) Assumption of Drug Amount by the judge away from the jury.

Petitioner asserts that upon the guilt verdict of count 1, he fell into an offense level range of 26 to 30 according to the Drug Table, Part I of the Federal Sentencing Guidelines. Likewise, upon the guilt verdict of count 2, he fell into an offense level range of 26 to 30 according to the same. In this scheme, common to the sentencing when a probation officer determines the amount of drugs used in determining severity when there

is a plea of guilt, the defendant is not deprived because such a defendant accepts the guilt which is not in this case of the Petitioner. The exact amount of drugs was not presented to the jury, in which, the judge, summarily and apart from the jury, determined the amount of drugs to be at 49 grams. Quoting from the sentencing transcript (page 6, lines 11 and 12), ". . I chose the number 49 to represent the grams of crack.). By the judge immediately, under her sole discretion, going to the high end of the guideline factor (fact) in determining a degree of guilt, to say, which was not presented to the jury for determination was not clearly reflected within the jury verdict, and that acted as an unconstitutional enhancement.

The "statutory maximum" in Blakely, supra, and Booker, supra, was not represented in the vague jury instruction, in essence, nullifying the verdict as being based upon the judge's sole discretion and not a fact presented to the jury.

It is clear these enhancements were never plead to and neither were the facts or information used to bring these to bear on Petitioner presented to a jury so that they could determine their validity. Because they were not found in the charging indictment nor presented to the jury, Petitioner could not adequately defend himself before a panel of jurors, his peers. The Supreme Court has proclaimed that to assess this extra punishment and deprive Defendant of his liberty without the benefit of a jury determining their truth violates the very constitution which is the very fabric which holds these United States together.

The Supreme Court relies on its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and asserts that "the statutory maximum" for Apprendi, supra, purposes is "the

Page 7

maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Booker, supra.

In Apprendi, supra, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, or proved beyond a reasonable doubt." Id., at 490. In Ring v. Arizona, 536 U.S. 584 (2002), the Supreme Court clarified and reaffirmed this rule, stating that the rule in Apprendi, supra, applies to any aggravating fact necessary to expose a defendant to punishment beyond an otherwise mandatory statutory limit.

Through Apprendi, supra, declares that as long as the increase stays within the "stautory maximum," Booker, supra, and Blakely, supra, narrows this and has determined that the "statutory maximum" is that guideline range established by defendant's criminal history category and the jury's verdict of counts and information in which a defendant is convicted. Booker, supra, goes on to declare that any particular fact used to increase defendant's punishment must be reflected in the jury's verdict.

The constitution has stood the test of time, and adverse party's disclaimer of such, that everyone is protected "against convictions except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). Petitioner in the present case, faced his jury and was found guilty of of conspiracy to possess with intent to distribute more than five (5) grams but less than fifty (50) grams of cocaine base and more than five-hundred (500) grams but less than five (5) kilograms of cocaine hydrochloride on

count one (1); on count two (2), he was found guilty of distribution of more than five (5) grams but less than fifty (50) grams of cocaine base; and on count three (3) use of a communication facility. Petitioner was never found guilty of "Obstruction of Justice," nor of a "Leadership Role," yet he was sentenced according to the judge's sole discretion away from the jury. Again, if he would have been sentenced based solely on these facts, he would have faced only at Category I Level 26 to 30, 63 to 121 months, and at most, even in Category III, to which Petitioner was erroneously categorized, 78 to 151 months, but instead, the judge sentenced him to 275 months at Category III which put him at Level 36 with the unconstitutional enhancements. His sentence was increased based on information that was never presented to a jury, and certainly not proven beyond a reasonable doubt. Therefore, based in the recent Supreme Court ruling, his Sixth Amendment right to trial by jury has been violated.

III.

RETROACTIVE ANALYSIS OF BOOKER AS APPLICABLE TO PETITIONER

Although Petitioner asserts that this Amending Motion is merely for clarification and substantiation of recent precedence as applicable in his situation, he is not raising any new claims, thus placing his arguments and issues in parallel with <u>Apprendi</u>, supra, <u>Blakely</u>, supra, and <u>Booker</u>, supra, and any other precedent decisions and his issues he has raised AT AND SINCE HIS TRIAL and in the original Section 2255 Motion including claims of ineffective assistance of counsel in bringing these issues and arguments inclusively in the direct appeal, to which does not constitute of waiver by the Petitioner. (Emphasis added.) With these considerations having been said, retroactive analysis of <u>Booker</u>, supra, in applicability to Petitioner's position, although not a requisite, is included in Petitioner's parallel and concurrent standing in some of

the same issues and arguments.

As dramatic an impact as United States v. Booker, 543 U.S. \_\_\_\_, 125 S.Ct. 738 (2005) has made, it is not a "new rule" for purposes of retroactivity analysis under Teague v. Lane, 489 U.S. 288 (1989), but is merely an application of the rule of Apprendi, supra, (which these cases both relied on the rule In Re Winship, supra), to a new set of facts and the result in Booker, supra, was dictated and compelled by case precedent. Therefore, under Yates v. Aiken, 484 U.S. 211 (1988) and Perry v. Lynaugh, 492 U.S. 302 (1989) one would be entitled to the application of Booker, supra to the Petitioner's Sect. 2255 Motion.

A case announces a new constitutional rule if the Supreme Court basis its decision in the Constitution and the rule it announces was not dictated nor compelled by precedent. Beard v. Banks, \_\_\_\_ U.S. \_\_\_\_, 124 S.Ct. 2504 (2004). Booker, supra, merely reiterates the holding in Apprendi, supra, that, under the Sixth Amendment, all facts used to increase a defendant's sentence beyond the statutory maximum must be charged and proven to a jury; and Blakely's, supra, holding that "statutory maximum" is not the maximum he may impose without any additional findings. The rule announced in Booker, supra, is clearly dictated and compelled by Supreme Court precedent.

For the courts to decide a Sect. 2255 Motion, it would not be necessary to determine whether Booker, supra, is retroactively applicable to cases on collateral review under Teague, supra. Many 'new' holdings are merely applications of principles that were well settled at the time of conviction. As Justice Harlan explained in Desist v. United States, 394 U.S. 244 (1969):

Page 10

"The theory that the habeas corpus petitioner/movant is entitled to the law prevailing at the time of his conviction is, however, one which is more complex than the Court has seemingly recognized.  First, it is necessary to determine whether a particular decision has really announce a 'new' rule at all or whether it has simply applied a well-established constitutional principle to govern a case which is closely analogous to those which have been previously considered in the prior case law. . . one need not be a rigid partisan of Blackstone to recognize that many, though not all, of this Court's constitutional decisions are gounded upon fundamental principals whose content does not change dramatically from year to year, but whose meanings are altered slowly and subtly as generation succeeds generation.  In such a context it appears very difficult to argue against the application of the 'new' rule in all habeas cases since one could never say with any assurance that this Court would have ruled differently at the time the petitioner's conviction became final."  394 U.S. at 263-264.

The reasoning which the Supreme Court endorsed in Yates, supra, is controlling in a present case because the decision in Booker, supra, was merely an application of principle that governed the decision in In re Winship, supra, Apprendi, supra, and Blakely, supra.  See United States v. Johnson, 457 U.S. 537 (1982) ("When a decision of this Court merely has applied settled precedents to new and different factual situations, no real question has arisen as to whether the later decision should apply retroactively.  In such cases, . . . because the later decision has not in fact altered that rule in any material way.")  Also see, Trusedale v. Aiken, 480 U.S. 527 (1987); Dunaway v. New York, 442 U.S. 200 (1979); Lee v. Missouri, 439 U.S. 461 (1979).

Page 11

Thus, most Circuits, now having already described Blakely, supra, as "revisiting" Apprendi, supra, and quoting from the Blakely, supra, decision in which Justice Scalia explained that the Supreme Court's precedents made clear that a judge could not determine factors that would increase a sentence:

> "Our precedents make clear. . . that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the facts reflected in the jury verdict or admitted by the defendant. . ."

It would follow that because Booker, supra, is merely an application of clear precedents, than Booker, supra, cannot be a new rule for retroactivity purposes. Because it is not a new rule, a petitioner should be entitled to its application in this first Section 2255 Motion under the precepts of Yates, supra, and Perry, supra.

In order for the courts to determine whether Booker, supra, shold be applied retroactively or whether retroactivity analysis even comes into play, they must first determine whether the Booker, supra, opinion is a "new rule" as contemplated by Teague, supra. A rule is new when it "breaks new ground or imposes a new obligaiton by precedent existing at the time the defendant's conviction became final." (Teague, supra.) A rule is not new where precedents "inform or even control or govern" but do not "compel" its creation. Saffle v. Parks, 494 U.S. 484 (1990).

Booker, supra, does not impose any new obligations on the Federal Government, instead it merely results in the abolition of the mandatory application of the guidelines, putting the federal courts and federal judges back to where they had always been and reinstating a sentencing regime which had existed since the founding of the Republic. No new obligations are imposed by Booker, supra, rather, the new obligation of the courts to return to where the constitution has always placed them - exercising the same

authority in the same manner as had been exercised for 200 years.

Because Booker, supra, is not a new rule, it is applicable to Petitioner's first timely filed Motion under Section 2255.

Schriro v. Summerllin, 542 U.S. ____. 124 S.Ct. 2519 (2004) provides compelling support for Booker's, supra, retroactivitity to initial habeas cases. Although the Supreme Court in Summerlin, supra, rejected retroactivity of its new procedural rule announced in Ring, supra, it did so because the possibility of inaccuracy was minimal in that both fact finders there were required to use the same beyond reasonable doubt standard. Pre-Booker, supra, on the otherhand, judges determined sentence-enhancement facts by preponderance of the evidence. Post-Booker, supra, the fact finding process so "seriously diminishe[s]" 'accuracy that there is' a production of an " ' impermissibly large risk' " of injustice. Summerlin, Id., citing Teague, supra, at 312-313 (quoting Desist, supra).

The Booker, supra, rule which remedied that risk is therefore very likely exempt from the Teague, supra, retroactivity bar under the watershed rule of criminal procedure exception.

Booker, supra, invalidated the Guidelines both on a Sixth Amendment jury trial violation, as well as, the Apprendi, supra, due process doctrine. Jointly those basis compel retroactivity. Therefore, Summerlin's, supra, reliance on DeStefano v. Woods, 392 U.S. 631 (1968) (per curium) (refusing to give retroactive effect to Duncan v. Louisiana, 391 U.S. 145 (1968) to reject retroactivity is inconsequential to Booker's, supra, retroactivity. In DeStefano, supra, like Summerlin, supra, the fact finding standard on which retroactivity was claimed was the same, only the fact finder differed.

Booker, supra, changed those standards exactly as did in In re Winship, supra. Because the foundation of Booker's, supra, new rule of constitutional law rests on both the Apprendi, supra due process doctrine and the In re Winship, supra, Sixth Amendment right to jury trial with respective beyond a reasonable doubt proof standards, retroactivity to Petitioner's original Section 2255 Motion should apply.

IV.

CONCLUSION

Though Petitioner reaffirms all claims that he has raised in his original Title 28, U.S.C. Sect. 2255 Motion, he moves this Court for leave to amend said motion with that contained herein. After the jury's verdict did not find any enhancing factors, information was presented, and accepted before this Court, which significantly increased his punishment. He avers that, if able to defend himself before a jury, that these facts that were necessary to increase his punishment could have been rebutted and the jury's verdict would still have not found them permissable in this case. The Supreme Court affirms any facts used to increase sentence not presented to a jury are unconstitutional. Therefore, Petitioner's Sixth Amendment right to a fair trial has been violated.

V.

PRAYER

Petitioner prays this Court grants leave to Amend his orginal Section 2255 Motion to include all facts and arguments presented herein, and made this motion a part of the Section 2255 Motion.

Respectfully submitted,

Dated: April 8, 2005

_____
MICHAEL CAULFIELD

## CERTIFICATE OF SERVICE

I, **Michael Caulfield**, Defendant-Petitioner herein, do hereby certify that a true and correct copy of the foregoing Motion was forwarded to the U.S. Attorney's Office for the Eastern District of Louisiana, at 501 Camp Street, New Orleans, LA 70130, via U.S. Mail, 1st class, postage pre-paid, correctly addressed, and personally deposited into the F.C.C. (Medium) Legal Mail Receptacle on this _8th_ day of _April_, 2005.

_[signature]_
MICHAEL CAULFIELD

