UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-253 |
| MICHAEL CAULFIELD | SECTION "N" |

**ORDER AND REASONS**

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed by petitioner Michael Caulfield on September 4, 2003. (Rec. Doc. No. 412). For the reasons stated herein, the petitioner's motion is DENIED.

**I. BACKGROUND**

Following a jury trial, petitioner was convicted on August 8, 2001, for conspiracy to possess with intent to distribute more than five grams but less than 50 grams of cocaine base ("crack") and more than 500 grams but less than five kilograms of cocaine hydrochloride, all in violation of 21 U.S.C. § 846 (Count One); for distribution of more than five but less than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and for use of a telephone to facilitate a drug deal, in violation of 21 U.S.C. § 843(b) (Count Fourteen).[1] On November 7, 2001, Caulfield was sentenced to 275 months imprisonment as to the conspiracy and distribution counts and to 48 months

---

[1] These charges were numbered Counts One, Two and Three, respectively, in the Redacted Superceding Indictment. (Rec. Doc. No. 311).

imprisonment as to the § 843(b) violation, all such terms to be served concurrently. The conviction and sentence were affirmed by the Fifth Circuit on September 11, 2002. *United States v. Caulfield,* No. 01-31358 (5th Cir. September 11, 2002).

On September 8, 2003, petitioner timely filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence and Affidavit of Complaint and Claims and Memorandum of Law and Facts in Support of Motion.

## II.  **LAW AND ANALYSIS**

The motion, files and records of the case conclusively show that the petitioner is not entitled to relief. The matter is based entirely upon the application of legal principles to established facts. Therefore, an evidentiary hearing is not required. 28 U.S.C. § 2253.

In seeking post-conviction relief, petitioner alleges that he did not receive effective assistance of trial counsel, as guaranteed by the Sixth Amendment to the United States Constitution. The specific grounds for relief set forth in the petitioner's 28 U.S.C. § 2255 motion are alleged as follows:

1. Petitioner was denied his rights under the Sixth Amendment when counsel failed to argue that the redacted superceding indictment was not signed;

2. Petitioner was denied his rights under the Sixth Amendment when counsel failed to file any pretrial motions or to request grand jury transcripts;

3. Petitioner was denied his rights under the Sixth Amendment when counsel failed to move that the Court strike the redacted superceding indictment;

4.      Petitioner was denied his rights under the Sixth Amendment when counsel failed to move for a judgment of acquittal;

5.      Petitioner was denied his rights under the Sixth Amendment when counsel failed to argue jury instructions;

6.      Petitioner was denied his rights under the Sixth Amendment when counsel failed to argue the judicial fact findings;

7.      Petitioner was denied his rights under the Sixth Amendment when counsel failed to timely subpoena witnesses for trial;

8.      Petitioner was denied his rights under the Sixth Amendment when counsel failed to properly argue leadership and obstruction of justice; and

9.      Petitioner was denied his rights under the Sixth Amendment when counsel failed to conduct an investigation which would have shown that petitioner was mistakenly identified.

The Fifth Circuit has emphasized that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) (quoting *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995)). Caulfield purports to raise issues of constitutional error premised on his claim that he received ineffective assistance of counsel. To prevail on an ineffectiveness claim, petitioner must demonstrate (1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced the outcome of his trial. *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must satisfy both prongs in order to succeed. *Id.* at 687. Conversely, if Caulfield fails to

establish either deficient performance or actual prejudice, the Court may dispose of the claim without addressing the other prong.  *Id.* at 697.

To establish a deficient performance, petitioner must show that his counsel's representation "fell below an objective standard of reasonableness."  *Jones v. Jones*, 163 F.3d 285, 301 (5th Cir. 1998) (quoting *Strickland*, 466 U.S. at 688).  The Court applies a highly deferential standard to the examination of counsel's performance, "mak[ing] every effort to eliminate the distorting effects of hindsight" and "evaluat[ing] the conduct from counsel's perspective at the time" of trial.  *Id.* (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)).  The second prong of *Strickland*, addressing prejudice, requires petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  The standards for ineffective trial and counsel and ineffective appellate counsel are the same.  *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993).

**A.  Grounds One and Three - The Redacted Superceding Indictment**

Petitioner argues that defense counsel was "deficient in his performance when he failed to object at the start of trial to the redacted indictment for not being signed by the [Assistant United States Attorney] and [grand] jury foreman."  Caulfield Mem., p. 10.  Caulfield also claims that the outcome would have been different had defense counsel objected to the use of the redacted indictment and moved to have it stricken, which he speculates would have resulted in his acquittal.

It is well-established that the trial court has discretion to permit the jury to have a copy of the indictment during its deliberations.  *See, e.g., United States v. Haynes*, 573 F.2d 236, 241-42 (5th

Cir. 1978). Any indictment so presented to the jury, however, should contain "no inflammatory or perjorative language that would create any prejudice against the accused." *Id*. at 242. In addition, "[i]f the indictment contains irrelevant allegations, ordinarily they should be redacted." *United States v. Polowichak*, 783 F.2d 410, 413 (4th Cir. 1986).

The Court followed this procedure in ordering the preparation of an indictment - solely for use at trial - identical to the operative superceding indictment, except that irrelevant or prejudicial material was redacted for the benefit of the defendant. Petitioner is correct that the redacted superceding indictment was not signed by the Assistant United States Attorney or by the grand jury foreman. However, there is no requirement that a redacted indictment used solely as a jury aid be signed by the Assistant United States Attorney or by the grand jury foreman. In the instant matter, there is no question that the operative superceding indictment, the counts charged therein forming the basis of petitioner's conviction, was in fact signed on August 24, 2000, by the grand jury foreperson, the United States Attorney and two Assistant United States Attorneys. *See* Superceding Indictment (Rec. Doc. No. 22). Further, there is no question that Caulfield was in fact arraigned on the Superceding Indictment on August 25, 2000. (Rec. Doc. No. 57). Moreover, the jury was specifically instructed during opening and closing instructions that the indictment was not evidence of the defendant's innocence or guilt. *See* Trial Transcript, Vol. I, at 90-91 (Rec. Doc. No. 387); Vol. III, at 44-45 (Rec. Doc. No. 389). *See also Polowichak*, 783 F.2d at 413.

Caulfield's claims that counsel's failure to argue that the redacted superceding indictment was not signed and to move that the Court strike the redacted superceding indictment resulted in ineffective assistance of counsel are without merit. It is well-established that counsel's failure to

raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue. *See, e.g. United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994).

B.  **Grounds Two, Seven and Nine - Failure to File Pretrial Motions or Request Grand Jury Transcripts, to Timely Subpoena Witnesses, or to Conduct an Investigation Which Would Have Shown That Petitioner Was Mistakenly Identified**

In a series of related objections, petitioner vaguely asserts that defense counsel failed to investigate his case, file pretrial or discovery motions, request grand jury transcripts, or timely subpoena witnesses for trial, and that had counsel done so, he could have established that Caulfield "was wrongfully mistaken for another co-conspirator." Caulfield Mem., p. 8. With respect to the alleged failure to investigate, the Fifth Circuit has emphasized that "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). "[B]are allegations do not suffice." *Id*.

Having reviewed Caulfield's motion, memorandum and reply memorandum, the Court finds that Caulfield has provided the Court no particularized allegations as to how the testimony of witnesses, the discovery of evidence, or the review of grand jury transcripts would have established mistaken identity or otherwise affected the outcome of the trial under *Strickland*. Rather, Caulfield has merely provided the Court with conclusory allegations that counsel did not do these things, that the outcome of the trial would have been different, and therefore counsel's assistance was

ineffective.  Having reviewed the allegations as a whole, the Court concludes that Caulfield has failed to allege sufficient facts to establish ineffective assistance of counsel and his claims on the above points are without merit.  *See Strickland*, 466 U.S. at 689.  *See also United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) ("With respect to his claim of ineffective assistance of counsel, Flores fails to make particularized allegations or to identify probative evidence in the record tending to support his allegations.  Having reviewed the record, we find no evidence tending to support Flores' claim, and accordingly find it to be fatally conclusory and without merit.").

Caulfield also asserts that defense counsel's failure to timely subpoena Eugene Jackson, Timothy Tapp, and Quinita Falkins constituted ineffective assistance in that these witnesses could have provided exculpatory or inconsistent testimony from that presented in the government's case.  Caulfield Mem., pp. 5, 9.  Caulfield contends that these witnesses "would have contradicted a lot of the government's witnesses" and were not called because "counsel failed to submit list on time."  *Id*., p. 5.  Again, Caulfield's allegations on this issue are wholly conclusory.  Caulfield has not even made any suggestions as to the subject matter to which these three witnesses may have testified.

While they did not testify live at trial, Caulfield's co-defendants Eugene Jackson and Timothy Tapp did testify by way of stipulation at the beginning of the defense case.  Jackson testified that "he never dealt with Michael Caulfield, because Caulfield was from a different neighborhood," and Tapp testified that "he [did] not know what Michael Caulfield [did]."  Trial Transcript, Vol. II, at 192-93 (Rec. Doc. No. 388).  Caulfield provides no particularized allegations as to the nature of Quanita Falkins' testimony, nor does he specify how any of these witnesses' testimony would have changed the outcome of the case.  *See Nelson*, 989 F.2d at 850.  He simply states that the outcome would have been different.

In contrast, there is ample evidence in the record that defense counsel sufficiently prepared for trial and adequately represented Caulfield. For example, counsel engaged in substantial cross-examination of government witnesses and succeeded in convincing the jury to convict Caulfield of the lesser offense of conspiracy to distribute five to 50 grams of cocaine, rather than the "more than 50 grams" charged in the Superceding Indictment. Caulfield's representation was effective in reducing his ultimate conviction, and therefore these grounds are without merit.

## C. Ground Four - Failure to Move for Judgment of Acquittal

Caulfield contends that counsel was deficient in failing "to move for judgment of acquittal on grounds that jury found Petitioner guilty of a lesser amount than charged in the conspiracy." Caulfield Mem., p. 5. A motion for judgment of acquittal is appropriate when the government has completely failed to produce a legally sufficient evidentiary basis on which a jury could conclude guilt. Fed. R. Crim. P. 29. The Fifth Circuit has held that when the government's evidence is insufficient to uphold an indictment for conspiring to possess with intent to distribute more than 50 grams of cocaine, the court will permit a conviction of the lesser charge of conspiring to possess with intent to distribute five to 50 grams of cocaine on the same indictment. *United States v. Hayes*, 342 F.3d 385, 391-92 (5th Cir. 2003).

The jury did not find Caulfield guilty of conspiring to possesses with intent to distribute more than 50 grams of cocaine, the first charge in the Superceding Indictment. The jury did find Caulfield guilty of conspiring to possess with intent to distribute five to 50 grams of cocaine. Even though Caulfield's conviction was for a lesser charge than that contained in the Superceding Indictment, the government proved the lesser crime beyond a reasonable doubt to the jury's satisfaction. A

8

motion for judgment of acquittal would not withstand the jury's finding of Caulfield's guilt, so this argument is without merit.

**D.   Grounds Five and Six - Failure to Argue Jury Instructions and Judicial Fact Findings**

Caulfield contends that counsel should have requested that the court charge the jury with finding a specific amount of cocaine, rather than a range of amounts. Similarly, counsel did not dispute the trial court's amount of cocaine selected for use at sentencing. Caulfield Mem., p. 8. These arguments are without merit. The Supreme Court held in *Apprendi v. New Jersey* that facts alleged in indictment and proven beyond a reasonable doubt to a jury constrain the trial judge during sentencing. 530 U.S. 466, 482-83 (2000). It is well-established that convictions for a range of amounts do not violate *Apprendi*, provided that sentencing does not exceed the statutory maximum. *See, e.g., United States v. Hough*, 276 F.3d 884 (6th Cir. 2002), *cert. denied*, 535 U.S. 1089 (2002); *United States v. Alvarez*, 266 F.3d 587 (6th Cir. 2001), *cert. denied*, 535 U.S. 1089 (2002).

The jury in the instant case found Caulfield guilty of an amount less than the amount specified in the Superceding Indictment. In its discretion, the court sentenced Caulfield within the range for which the jury found him guilty. The Fifth Circuit on direct appeal concluded that the trial court's selection of 49 grams was within the range of five to 50 grams found by the jury, and therefore not clear error. *United States v. Caulfield*, No. 01-31358 (Rec. Doc. No. 396). Consequently, petitioner has failed to establish deficiency and prejudice under *Strickland*.

**E.   Ground Eight - Failure to Argue Leadership and Obstruction of Justice**

Caulfield contends that his counsel failed to advocate reduced sentencing points for his acceptance of responsibility for five grams of cocaine base. Additionally, counsel allegedly failed

9

to argue against the court's awarding of additional points for leadership within the conspiracy and obstruction of justice. Caulfield Mem., pp. 5, 16-17. Defense counsel discussed each of these points at sentencing, but was unsuccessful in swaying the trial court. Sentencing Transcript, pp. 4-5 (Rec. Doc. No. 403) ("The objection is overruled. The Defendant has clearly not accepted responsibility for the offenses for which he was found guilty."). Lack of success is not a ground for relief under *Strickland*, so this claim is without merit.

### F. Ineffective Assistance of Appellate Counsel

Caulfield contends that his appellate counsel was also ineffective. His reasoning for this claim is vague and intertwined with the grounds at trial discussed above. *See* Caulfield Reply, pp. 11-12 (Rec. Doc. No. 420). Caulfield states, "Counsel should have argued strenuously on appeal, which was not done." *Id.* This statement does not satisfy the *Strickland* two-prong test as discussed for appellate review by *Merida*. The claim is without merit.

### G. Amendment Regarding Retroactivity of *United States v. Booker*, 543 U.S. 220 (2005)

Caulfield contends that *Booker* should retroactively apply to his sentencing, in that the trial court used the points system of the Sentencing Guidelines to enhance his sentence. Caulfield Amd., p. 5 (Rec. Doc. No. 444). The Fifth Circuit has already reviewed Caulfield's conviction for plain error, and found none. There is no evidence that the trial court would have sentenced Caulfield differently under an advisory sentencing guidelines regime. *See, e.g., United States v. Akpan*, 407 F.3d 360 (5th Cir. 2005) (applying harmless error doctrine when Sixth Amendment rights are preserved upon objection at trial, but applying plain error doctrine when there is no preservation), (citing *United States v. Coumaris*, 399 F.3d 343 (D.C. Cir. 2005) and *United States v. Cotton*, 535

U.S. 625 (2002)).  Consequently, *Booker* has no retroactive effect on Caulfield's Sixth Amendment contentions, and his amended motion is without merit.

### III. CONCLUSION

For the foregoing reasons, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is **DENIED** with prejudice.  Consequently, petitioner's request for appointment of new trial counsel is moot.

New Orleans, Louisiana, this 22nd day of September, 2006.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**