U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    AUG 2 0 2007

LORETTA G. WHYTE
CLERK

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-31159
USDC No. 2:03-CV-2542
USDC No. 2:00-CR-253-9

U.S. COURT OF APPEALS
FILED
AUG 1 6 2007
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

MICHAEL CAULFIELD, also known as Big Mike,

                Defendant-Appellant.

---

Appeals from the United States District Court
for the Eastern District of Louisiana

---

O R D E R:

    Michael Caulfield was convicted by a jury of conspiring to possess with intent to distribute cocaine base and cocaine hydrochloride, distribution of cocaine base, and use of a communication facility to facilitate a drug offense. He seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging these convictions. In his COA motion, Caulfield does not repeat his assertions, made in the district court, that trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal, failing to argue at sentencing about the district court's errors in drug calculations, and failing to discover that

___ Fee _____
___ Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

Caulfield was mistakenly indicted; that appellate counsel rendered ineffective assistance; and that his sentence was unconstitutional pursuant to United States v. Booker, 543 U.S. 220 (2005). These claims are deemed abandoned. Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Caulfield argues that his trial counsel rendered ineffective assistance by failing to object to the unsigned redacted superseding indictment presented at his trial, failing to subpoena favorable witnesses, failing to object to or request jury instructions, and failing to object properly to sentencing enhancement for role in the offense and obstruction of justice. He has not established "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Consequently, COA is DENIED.

Caulfield also asserts that the district court should have held an evidentiary hearing on his claims before denying relief. He has not shown that the district court's failure to hold such a hearing constituted an abuse of discretion. See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE

A true copy
Attest:
Clerk, U. S. Court of Appeals, Fifth Circuit
By Deputy
New Orleans, Louisiana
8/16/07