IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
--NEW ORLEANS DIVISION--

| | | |
|---|---|---|
| **United States of America,** Plaintiff-Respondent, | * * | Criminal Action No. <u>00-253</u> |
| v. | * * | Section "N" |
| **Michael Caulfield,** Defendant-Petitioner. | * * * | New Orleans, LA |

### MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18, U.S.C. §3582(c)(2), FOR RE-SENTENCING HEARING, AND FOR THE APPOINTMENT OF INDIGENT COUNSEL

COMES NOW **MICHAEL CAULFIELD**, Defendant-Petitioner, hereinafter "Defendant", in proper person, who presents this Memorandum in Support seeking a reduction in his term of imprisonment pursuant to Title 18, U.S.C. §3582(c)(2) and for a re-sentencing hearing to argue and review sentencing factors under the hand of indigent counsel appointed by the Court to represent him and does so by the following:

On November 1, 2007, after a six-month congressional review period, the Commission's amendment to the Federal Sentencing Guidelines for crack cocaine took effect.

On November 1, 1992, a clarifying amendment to §1B1.3 became effective. In a recent interpretation of the amendment, §1B1.3 defendants are only accountable for the scope of the criminal activity he agreed to undertake.

The Sentencing Reform Act of 1984 specifically authorized the Commission to provide retroactive effect of amendments that

result in lower penalties for classes of offenses or offenders. The issues and circumstances of this case meet the eligibility requirements to receive a lower sentence under the new amendments.

On August 8, 2001, after a jury trial, Defendant was found guilty of only: (Count One)-Conspiracy to possess with intent to distribute more than five (5) grams but less than 50 grams of cocaine base ("crack") and more than 500 grams but less than five (5) kilograms of cocaine hydrochloride all in violation of Title 21, U.S.C. §846, (Count Four)-Distribution of more than five (5) but less than 50 grams of cocaine base in violation of Title 21, U.S.C. §841(a)(1), inter alia. These adjudicated counts, without judge-found facts, fall at a level of 26 in the guidelines with a statutory mandatory minimum of five (5) years.

Under the guidelines, the multiple substances are required to be converted to their marijuana equivalent and then combined. Judge Clement, on November 7, 2001, while sentencing Defendant, used 500 grams of cocaine to be equivalent to 100 kilograms of marijuana and then, she, in her words, "chose the number 49 to represent the grams of crack." She then took the equivalent to 980 kilograms of marijuana and added the 100 kilograms for the powder yielding a total of 1,080 kilograms resulting in a base level of 32 with a range of 151 to 188 months with statutory limits of ten (10) years to life.

Thereafter, Defendant, with judge-found facts, away and apart from the jury verdict, received a four-level increase in consideration of obstruction of justice, supervisory leadership,

-4-

relevant conduct departures while being placed in a criminal history of category 3 which brought Defendant from level 32 to level 36 with a range of 235-293 months. Defendant was given 275 months.

Defendant asks that this Court give retroactive effect to Amendment 706 pursuant to §1B1.10(c) and modify/reduce/re-sentence his term of 275 months to the new advisory range reduced by two (2) levels even after judge-found facts to level 34 with a range of 188-235 months; however, in the alterantive, Defendant prefers that the Court place him at level 24 with a range of 63 months to 78 months prior to the combining/conversion which is also advisory in nature placing him closer to the statutory mandatory minimum sentence; or the Court could place him at level 32 after the combining/conversion with a reduction of two (2) levels to level 30 with a range of 121 months to 151 months, or the least applicable sentence the Court may deem as necessary based upon its discretion. See Kimbrough v. United States, No. 06-6330 (2007); and also Gall v. United States, No. 06-7949 (2007), recently decided December 10, 2007 before the United States Supreme Court. The Sentencing Commission has now expressly designated Amendment 706 to be applied retroactively. See U.S.S.G. §1B1.10(c). The District Court makes two determinations in deciding whether or not to modify a sentence under Title 18, U.S.C. §3582(c). Under the first step, the sentencing court considers what sentence it would have imposed had the retroactive Amendment been in effect at the time the defendant was sentence. See §1B1.10(b). The District Court determines what sentence it would have imposed had the new sentencing range been the range at the time of sentencing, leaving

untouched all other previous factual decisions concerning particularized sentencing factors. See United States v. Moreno, 421 F.3d 1217 (2006). Such factors include, inter alia, role in the offense, obstruction of justice, any victim adjustments, more than minimal planning, and acceptance of responsibility deductions. Id.

In this particular case sub judice, Defendant went to trial as previously discussed. Accordingly, the sentencing court would simply determine the guidelines range that would have applied in this case had Amendment 706 been in effect ab initio. Here, the relevant range will be reduced by two (2) levels, or even to the mandatory minimum of five (5) years prior to combining/conversing or ten (10) years after such procedure, if the Judge so chooses based upon his/her discretion, as opposed to the pre-Amendment range.

Having established the applicable Amendment Guideline range, the Court next considers the factors contained in Title 18, U.S.C. §3553(a) and, in the exercise of its thus informed discretion, decides whether or not to modify the original sentence previously imposed. See Neal v. United States, 516 U.S. 284 (1996). The factors set forth in §3553(a) are the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the Guidelines; and (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants;

(7) the need to provide restitution to victims. U.S.C. §3553(a). Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

The Defendant, sub judice, is one of the many crack offenders that is eligible for a lower sentence under Amendment 706. He understands that the Federal Sentencing Judge will make the final determination as to whether to lower his sentence and how much that sentence should be lowered. Defendant asserts that he is earnestly attempting to better himself, not only for himself, but more importantly his family especially his two young daughters, while continually learning from his past mistakes. Defendant is currently working toward his GED and is partaking in pre-testing. He has participated in several adult continuing educational courses and actively participates in all assigned work duties. He has had excellent conduct in prison since 2002 while cherishing and maintaining family contacts including his two very young daughters who need him in their lives.

In United States v. Booker, 543 U.S. 220, 160 L.Ed.2d 621 (2005), the Supreme Court ruled that the mandatory Sentencing Guideline scheme was unconstitutional, then declared the U.S. Sentencing Guidelines advisory in nature. Because the Guidelines are no longer mandatory but rather advisory in nature of the sentencing scheme, this Court has sole discretion within the law, to authorize a sentence correcting or modifying defendant's sentence, in pursuance to §3582(c). See United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007):

> Because <u>Booker</u> abolished the mandatory application of the Sentencing Guidelines in all context, and because reliance on its holding is not inconsistent with any applicable policy statement, we reverse the district court and hold that <u>Booker</u> applies to §3582(c)(2).

Also see <u>Rita v. United States</u>, No. 06-5754 (2007). With Defendant's sentence being determined under the mandatory Sentencing Guideline scheme, in which the context under the mandatory scheme under the mandatory provisions have been declared unconstitutional, his sentence was also imposed in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 159 L.Ed.2d 435 (2000); see also <u>Blakely v. Washington</u>, 542 U.S. 296, 159 L.Ed.2d 403 (2004), whose decision was issued after Defendant had been sentenced.

Regarding Defendant's financial status, his IFP status has been fully documented and established before this Court without any significant change since his original filing. In support of this request for indigent counsel appointment, he offers his status to be within the holding of <u>Adkins v. E.I. DuPont de Nemous & Co.</u>, 335 U.S. 331 (1948). Defendant is unable to prepay, defray, or post bond for the cost of counsel and any costs in the cause of this action. See attached Exhibits-IFP Documents.

Moreover, Defendant moves this Court to appoint him indigent counsel pursuant to Title 18, U.S.C. §3006 and subparts, the 5th and 6th Amendments of the U.S. Constitution and Title IX General Provisions of the Federal Rules of Criminal Procedure Rule 44(a) which provides that "the defendant at every stage of proceeding from initial appearance through appeal" shall have

the right to counsel. . .

The 6th Amendment of the U.S. Constitution guarantees to criminal defendants the right to assistance of counsel. <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). "The right to counsel is a fundamental right of criminal defendants, it assures the fairness, and thus the legitimacy of our adversary process." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374 (1986).

This action before the Court requires the competence of counsel due to the complexities involved in determining/reviewing the proper calculations ranges, and other applicable factors of §3553(a), therefore, Defendant's substanial rights might be affected (see <u>Mempa v. Rhay</u>, 389 U.S. 128, at 135 (1967)), also relative to the revision of §1B1.10

The appointment of counsel would reduce risks of constitutional error while acting as an intermediary between the Defendant and the government in negotiations, as well as allowing for a smoother process. The U.S. Supreme Court has long recognized the key due process role of counsel in ensuring that the sentencing proceedings are accurate and reliable. <u>Townsend v. Burke</u>, 334 U.S. 736, 740-741 (1948).

Defendant's request for counsel is appropriate and necessary. Defendant is not even a high school graduate, although he is working for his GED, nor has he been properly trained and educated in the complexities of legal matters, especially federal law, to effectively represent himself. Therefore, this request is proper and necessary to meet his due process and equal access

rights as constitutionally afforded and dictated.

## Conclusion

WHEREFORE, the Defendant-Petitioner **MICHAEL CAULFIELD**, in this proceeding, prays that this Court will liberally construe his pleadings and will review them in a less stringent standard as compared to those of licensed and seasoned attorneys. See Haines v. Kerner, 404 U.S. 519 (1972), McFarland v. Scott, 512 U.S. 849 (1994). Moreover, Defendant prays that this Court review the foregone facts, and in the interest of justice, due process, and equal protection of the law, that his motion be granted and his sentence be modified pursuant to Title 18, U.S.C. 3582(c). Due to the extreme upward departure in Defendant's sentence under the mandatory scheme, which was applicable at the time of his sentencing, and the Supreme Court's decision in Booker, rendering the Guidelines unconstitutional, followed by other rulings such as in Cunningham v. California, 549 U.S. __,__-__, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), Rita, supra, Kimbrough, supra, and Gall, supra, the Defendant requests that if this motion is granted he be afforded the opportunity to brief all of the issues pertaining to sentencing in a full re-sentencing proceeding after the appointment of indigent counsel with his indigency having long been established. In which, modifications of his sentence may be therefore imposed constitutionally and within the Court's advisory discretion while he is represented throughout the process to aid in the judicial proceedings.

Signed and dated this __27th__ day of __February__, 2008, at the Federal Correctional Complex (Medium) in Forrest City, Arkansas.

Respectfully submitted,

*Michael Caulfield #26639-034*
MICHAEL CAULFIELD
FBOP# 26639-034
Federal Correctional Complex
P.O. Box 3000 (Medium)
Forrest City, AR 72336

Defendant-Petitioner, In Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original and two (2) complete and correct copies of the same:

**MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18, U.S.C. §3582(c)(2), FOR RE-SENTENCING HEARING, AND FOR THE APPOINTMENT OF INDIGENT COUNSEL ALONG WITH THE MEMORANDUM IN SUPPORT OF THE SAME**

along with a copy of the Motion's cover sheet for file-stamped return were hand-delivered to the mailroom at this institution and taken by the attendant per FBOP Policy and Procedure for legal mail handling with sufficient first class postage and fees affixed and prepaid, and properly addressed, for delivery through the U.S. Postal Service, or other authorized carrier thereof, to the Clerk of Court for the U.S. District Court for the Eastern District of Louisiana, New Orleans Division, and one (1) copy of the same served upon the Plaintiff-Respondent through its Department of Justice via:

Maurice Landrieu, Esq.
U.S. Attorney's Office
Hale Boggs Federal Building
501 Magazine Street, Room 210
New Orleans, LA 70130

Thus done and signed this __27th__ day of __February__, 2008 under penalty of perjury pursuant to Title 28, U.S.C. §1746 at the Federal Correctional Complex (Medium) in Forrest City, Arkansas.

*Michael Caulfield*
MICHAEL CAULFIELD
Defendant-Petitioner
(In Proper Person)

-11-